## COURT OF COMMON PLEAS

## CLERMONT COUNTY, OHIO

| | | |
|---|---|---|
| CYNTHIA BROUGHTON | : | CASE NO. |
| 100 Gateway Drive #L | : | |
| Milford, Ohio 45150 | : | (Judge 2020 CVB 00286 JUDGE BROCK |
| Plaintiff | : | **COMPLAINT** |
| vs. | : | |
| SHOE SHOW, INC. | : | |
| D/B/A Shoe Dept. Encore | | |
| 2201 Trinity Church Road | : | |
| Concord, N.C. 28027 | | |
| | : | |
| Please Serve Agent: | | |
|    CT Corporation System | : | |
|    4400 Easton Commons Way | | |
|    Suite 125 | : | |
|    Columbus, OH 43219 | | |
| | : | |
| and | | |
| | : | |
| SHOE DEPT. ENCORE | | |
| 4601 Eastgate Blvd. | : | |
| Eastgate, Ohio 45245 | | |
| | : | |
| Defendant | | |
| | : | |

FILED 2020 MAR 13 AM 11:14 BARBARA A. WIEDENBEIN CLERK OF COMMON PLEAS COURT CLERMONT COUNTY, OH

Now comes Plaintiff, Cynthia Broughton, by and through counsel, and for her cause of action, states as follows:

1. At all times relevant herein, Plaintiff, Cynthia Broughton resides at 100 Gateway Drive #L, Milford, Ohio 45150.

2. Upon information and belief, Defendant, Shoe Show, Inc. (hereinafter "Shoe Show") doing business as, among things, Shoe Dept. Encore, Shoe Show Shoe Dept., Burlington Shoes, Shoebilee, Burlington Shoes Encore and Shoe Show Mega, is a for

profit, foreign corporation, licensed to do business in the State of Ohio, with its principal place of business being located at 2201 Trinity Church Road, Concord, North Carolina 28027, and is business of manufacturing, distributing, marketing and/or selling shoes to the general public.

3. Upon information and belief, Defendant, Shoe Dept. Encore, is a company, corporation and/or other business entity, licensed to do business in the State of Ohio, with its principal place of business being located at 4601 Eastgate Blvd., Eastgate, Ohio 45245. and is business of manufacturing, marketing, distributing and/or selling shoes to the general public.

4. Defendants, Shoe Show and Shoe Dept. Encore (hereinafter "defendants"), by and through their agents, servants and/or employees, design, manufacture, market, sell, and distribute shoes that are reasonably believed to be consumed by the general public throughout the United States, including the State of Ohio, including the Jessica Cline Dreamer, which is the subject of this present action.

5. On February 22, 2018, Cynthia Broughton purchased the Jessica Cline Dreamer shoes from Shoe Department, Encore, located at 4601 Eastgate Boulevard, Eastgate, Clermont County, Ohio.

6. Upon information and belief, the above Jessica Cline Dreamer shoes purchased by Cynthia Broughton reached consumers, and Cynthia Broughton in particular, in a substantially similar condition in which it was when originally manufactured, marketed, distributed and sold. At the time said Jessica Cline Dreamer shoes were sold or placed in the market, they were in a defective condition, to wit: the top straps were not

properly secured to the shoe, and the shoes were unreasonably dangerous to users, including plaintiff, Cynthia Broughton.

7. On or about March 26, 2018, the plaintiff, Cynthia Broughton was in her home and the top strap on the shoe malfunctioned, by among other things, coming undone/separated from its intended position, causing plaintiff, Cynthia Broughton to fall and incur injury, including, but not limited to, a fractured ankle.

8. Upon information and belief, the Jessica Cline Dreamer show was defective and unreasonably dangerous, in that, among other things, the top strap was not properly secured.

9. At all times relevant herein, plaintiff, Cynthia Broughton, was acting with ordinary care and prudence for her safety and fastened and was wearing the Jessica Cline Dreamer shoe in a proper manner and the show was being utilized as intended and in a manner reasonably foreseeable to defendant, Shoe Show.

10. The Jessica Cline Dreamer shoe was in substantially the same condition at the time plaintiff, Cynthia Broughton, wore it as it was at the time defendant manufactured it and/or placed it into the stream of commerce.

11. Upon information and belief, the Jessica Cline Dreamer shoe, when originally marketed, distributed and/or sold by defendant, was in a defective and unreasonably dangerous condition, said condition having existed at the time of the original sale and its eventual use by plaintiff, Cynthia Broughton.

12. At all times relevant herein, defendants owed a duty to the general public, including plaintiff, Cynthia Broughton, to manufacture, market, distribute and sell shoes

that were not defective and/or unreasonably dangerous when used for their intended purpose.

## COUNT ONE – STATUTORY PRODUCT LIABILITY CLAIM

13. Plaintiff refers to and incorporates the preceding allegations as if fully rewritten herein.

14. Pursuant to O.R.C. §§ 2307.73 and 2307.74, the Jessica Cline Dreamer is a defective product because when it left the control of its manufacturer, it contained impurities or imperfections, it deviated in a material way from the design specifications, formula, or performance standards of the manufacturer, or from otherwise identical units manufactured to the same design specifications, formula or performance standards, including, but not limited to, a defectively/improperly secured top strap, which caused or contributed to its failure as indicated previously in this Complaint.

15. Pursuant to O.R.C. §§ 2307.73 and 2307.75, the Jessica Cline Dreamer shoe is a product defective in design or formulation because it was not fit for its intended purpose or use given that it had a defectively/improperly secured top strap.

16. Pursuant to O.R.C. §§ 2307.73 and 2307.76, the Jessica Cline Dreamer shoe is a product which is defective due to inadequate warning or instruction because it was either (with reference to the allegations set forth above):

   a. At the time of marketing and when it left the control of its manufacturer, the manufacturer knew, or, in the exercise of reasonable care, should have known, about a risk related to the product which caused it to fail, to wit: a defectively/improperly secured top strap; and the manufacturer failed to provide the warning or instruction that a manufacturer exercising reasonable care

- 4 -

would have provided concerning that risk, given the likelihood that the product would cause the type of harm that it did; or

b. Post-marketing and after it left the control of its manufacturer, the manufacturer knew, or, in the exercise of reasonable care, should have known, about a risk related to the product that caused it to break or fail, to wit: a defectively/improperly secured top strap; and the Manufacturer failed to provide the post-marketing warning or instruction that a manufacturer exercising reasonable care would have provided concerning that risk, given the likelihood that the product would cause the type of harm that it did, in light of the likely seriousness of that harm.

17. Pursuant to O.R.C. § 2307.77, the Jessica Cline Dreamer shoe is non-conforming to the express or implied representations made by the defendants.

18. Pursuant to O.R.C. § 2307.71 et seq., defendants are the designer and/or manufacturer of the Jessica Cline Dreamer shoe which is defective under one or more provisions of the Ohio Product Liability Act (hereinafter "OPLA").

19. Pursuant to O.R.C. § 2307.71 et. seq., the defendants/manufacturers are liable under the OPLA for the Jessica Cline Dreamer shoe, and the tortious conduct described above that was the proximate cause of harm for which Plaintiff seeks compensatory damages.

20. Pursuant to O.R.C. § 2307.78, the defendants are a supplier of the Jessica Cline Dreamer shoe which is defective under one or more provisions of the OPLA.

21. Pursuant to O.R.C. § 2307.78, the defendants/suppliers are liable under the OPLA because they were negligent or the Jessica Cline Dreamer shoe did not conform,

when it left the control of the supplier, to express or implied representations made by the supplier, and the failure to conform to it was the proximate cause of harm to the Plaintiff.

22. Pursuant to O.R.C. § 2307.73, the defendants' defective manufacture or formulation and/or defective non-conformance, as described above, was the proximate cause of plaintiff, Cynthia Broughton's, injuries and medical expenses for which the plaintiff is entitled to compensatory damages provided for under the OPLA.

23. As a direct and proximate result of defendants' conduct or failure to act as more particularly set forth above, plaintiff, Cynthia Broughton, suffered injury, including, but not limited to, a fractured ankle requiring surgery, placement of medical hardware within her body, scarring and permanent injury.

24. As a direct and proximate result of defendants' conduct or failure to act as more particularly set forth above, plaintiff, Cynthia Broughton, suffered pain and suffering as well as a loss of enjoyment of life and emotional distress.

25. As a direct and proximate result of defendants' conduct or failure to act as more particularly set forth above, plaintiff, Cynthia Broughton, incurred medical expenses in excess of Forty Five Thousand Dollars ($45,000.00).

26. As a direct and proximate result of defendants' conduct or failure to act as more particularly set forth above, plaintiff, Cynthia Broughton, has incurred lost wages and will continue to incur lost wages in the future, her earning capacity having been permanently diminished.

WHEREFORE, Plaintiff, Cynthia Broughton, respectfully demands judgment against Shoe Show, Inc. and Shoe Dept. Encore, jointly and severally, in an amount in excess of Twenty Five Thousand Dollars ($25,000.00) plus interest, costs and other such

relief to which Plaintiff is entitled, and, pursuant to Rule 54(C) of the Ohio Rules of Civil Procedure, Plaintiff, Cynthia Broughton, demands judgment against defendants, Shoe Show, Inc. and Shoe Dept. Encore, jointly and severally, under Count One of the Complaint in the amount of Five Hundred and Fifty Thousand Dollars ($550,000.00), plus interest, costs and other such relief to which plaintiff is entitled herein.

Respectfully submitted,

Gary F. Franke (#0029793)
Michael D. O'Neill (#0075195)
GARY F. FRANKE CO., L.P.A.
Attorneys for Plaintiff
120 East Fourth Street, Suite 1040
Cincinnati, OH 45202
(513) 564-9222
(513) 564-9990 – Fax